Citation Nr: 1513858 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 10-21 075 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Entitlement to service connection for headaches, including tension and cluster-type headaches.

2. Entitlement to service connection for a pulmonary disorder, including asthma or a breathing problem.


REPRESENTATION

Appellant represented by: Virginia Girard Brady, Attorney


WITNESS AT HEARING ON APPEAL

Appellant



ATTORNEY FOR THE BOARD

D. J. Drucker, Counsel


INTRODUCTION


The Veteran had active military service from May 1989 to May 1994.

This case initially came to the Board of Veterans' Appeals (Board) on appeal from an October 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.

In January 2013, the Veteran testified during a hearing before the undersigned that was conducted by videoconference. A transcript of the hearing is of record.

In a November 2013 decision, the Board granted a 10 percent rating for residuals of a fracture of the Veteran's left thumb and reopened his previously denied claims for service connection for headaches and a pulmonary disorder. The Board remanded the reopened claims to the Agency for Original Jurisdiction (AOJ) for further development.

The appeal is REMANDED to the agency of original jurisdiction (AOJ). The Veteran will be advised if he needs to take further action.


REMAND

The Veteran underwent a VA examination for headaches in December 2013. The examiner noted the Veteran's report that headaches had begun in 2001 and that the service treatment records included no mention of headaches. Based on this history, the examiner provided a negative opinion as to whether the headaches were incurred in service. The examination report reflects no consideration; however, of private treatment records showing an ongoing headache disorder by April 1998; or the Veteran's testimony that he experienced a few tension headaches in service. The opinion therefore was not based on a complete history. 

The Veteran asserts that he developed a pulmonary disorder, including asthma, in service and was continuously treated for it since that time. The record shows a current diagnosis of asthma. See February 2002 and December 2013 VA examination reports.

Service treatment records reflect that, in January and February 1990, and June 1991, the Veteran was treated for an upper respiratory infection and bronchitis. A chest x-ray taken in January 1994 was normal. On the Report of Medical History completed in February 1994, when he was examined for separation, the Veteran checked no to having asthma, shortness of breath, and a chronic cough. A respiratory abnormality was not noted on examination at that time.

Post service, private medical records show that, on May 19, 1995, the Veteran was diagnosed with acute asthmatic bronchitis. On November 4, 1995, he was diagnosed with an acute exacerbation of pulmonary asthma. This suggests a prior history of asthma. Subsequent VA medical records show treatment for asthma.

In his January 2013 statement, Dr. J.K. stated that the Veteran suffered from breathing issues since serving in Desert Storm. He indicated that this problem could be related to the toxic chemicals or toxic oil fumes with which the Veteran came in contact while in the Middle East.

In December 2013, a VA examiner noted that service treatment records were negative for complaints or diagnosis of asthma. When examined prior to separation, the Veteran denied a history of asthma and the examining physician did not note asthma on the examination report. The VA examiner opined that it appeared most likely that the Veteran's asthma developed subsequent to release from military service. Thus, it was considered less likely than not that the Veteran's asthma was etiologically related to his military service.

In a January 2014 addendum, the VA examiner noted that "[n]o increased risk of asthma was found to be associated with service in the Gulf War." Thus, the examiner considered it less likely than not that the Veteran's asthma was etiologically related to his Gulf War service.

However, the VA examiner did not address whether the Veteran's treatment for bronchitis in service represented the onset of his acute asthmatic bronchitis and pulmonary asthma disability, noted in May and November 1995, respectively. A new opinion is needed.

In May 2014, the Veteran submitted a statement from a private physician who opined that the Veteran had had chronic breathing and headache issues since serving in Desert Storm, and these problems could be related to toxic chemicals or oil fumes. The statement was not supported by any rationale, but it implies that physician may have treated the Veteran. VA has a duty to obtain such treatment records. Massey v. Brown, 7 Vet App 204 (1994)

Accordingly, the case is REMANDED for the following action:

1. Ask the Veteran to authorize VA to obtain all records of his treatment from Dr. Kravatz. Tell the Veteran he may submit the records himself.

If any requested records cannot be obtained, inform the Veteran; tell him what efforts were made to obtain the records; and what additional actions will be taken with regard to his claim.

2. Ask the examiner who provided the December 2013, headache examination to review the record. The examiner should provide an opinion as to whether it is at least as likely as not that the current headache disorder had its onset in service or is otherwise the result of a disease or injury in service.

In addition to the service treatment records and the history reported by the Veteran at the examination; the examiner should consider the private and VA treatment records dating from 1995; the reports of a headache disorder beginning in 1998; and the Veteran's testimony that he had a few tension headaches in service.

The examiner should provide reasons for the opinion.

A clinical evaluation should be scheduled if deemed necessary by the examiner. If the examiner is not available, another physician should review the claims folder and provide the needed opinion.

3. Ask the physician who provided the December 2013 VA Respiratory Conditions examination and the January 2014 Addendum (or another similarly qualified physician). Request that he review the Veteran's medical records and the examination report and address the following.

Is it at least as likely as not that the Veteran's treatment for bronchitis in February 1990 and June 1991, in service, represented the onset of his post service pulmonary disorder, diagnosed as acute asthmatic bronchitis in May 1995 and an acute exacerbation of pulmonary asthma in November 1995?

A clinical evaluation should be scheduled if deemed necessary by the examiner.

The examiner should provide reasons for this opinion. The examiner should discuss the Veteran's post service reports of symptoms. 

The Veteran is competent to report symptoms and observable history. I f the examiner rejects the Veteran's reports, the examiner should provide a reason for doing so.

The absence of evidence of treatment for asthma symptoms in the Veteran's service treatment records cannot, standing alone, serve as the basis for a negative opinion.

4. If the claim remain denied, issue a supplemental statement of the case. Then return the appeal to the Board, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
Mark D. Hindin
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).